IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HANNA MELIA LEVITZ, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELOCITY.COM LP; TRAVELOCITY.COM, INC.; and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No.  4:09-CV-563-Y |

## DEFENDANTS' MOTION TO DISMISS OR STAY AND BRIEF IN SUPPORT

Brian S. Stagner
State Bar No. 24002992
Marcus G. Mungioli
State Bar No.  24032765
KELLY HART & HALLMAN, P.C.
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  817-332-2500
Telecopy:  817-878-9280

**ATTORNEYS FOR DEFENDANTS
TRAVELOCITY.COM L.P. and
TRAVELOCITY.COM, INC.**

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF THE MOTION ................................................................................... 1

II.  RELEVANT BACKGROUND .................................................................................... 2

    A.  Factual Background ........................................................................................ 2

    B.  Procedural Background .................................................................................. 3

        1.  This Federal Action ............................................................................ 3

        2.  The State Court Proceedings. ............................................................ 4

            a.  The Oakland Lawsuit ............................................................ 4

            b.  The Leffert Lawsuit ............................................................... 5

III.  ARGUMENT AND AUTHORITIES ........................................................................ 6

    A.  The Court Should Dismiss or Stay this Case
        Under the *Colorado River* Doctrine. ............................................................ 6

    B.  The Federal and State Actions Are "Parallel." ......................................... 7

    C.  "Exceptional Circumstances" Support Abstention. .................................. 9

        1.  Neither Court Has Assumed Jurisdiction
            Over Any Res or Property. ............................................................... 10

        2.  The Relative Inconvenience of the Forums. ................................. 10

        3.  This Case Poses a Threat of Piecemeal and
            Inconsistent Adjudication. .............................................................. 10

        5.  This Case Does Not Involve a Federal Question. ........................ 13

        6.  The state court action adequately protects Plaintiff. ................. 13

    D.  Judicial Precedent Favors a Dismissal or Stay. ..................................... 14

    E.  The Court Also Has Inherent Powers to Dismiss or Stay this Case. ..... 15

IV.  CONCLUSION AND PRAYER ............................................................................. 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allen v. Bd. of Educ., Unified Sch. Dist., 436,*
    68 F.3d 401 (10th Cir. 1995) ........................................................................... 7, 12

*Armco, Inc. v. Moore Exploration, Inc.,*
    603 F. Supp. 1 (S.D.Tex. 1984) ........................................................................ 6, 13

*Brillhart v. Excess Ins. Co.,*
    316 U.S. 491 (1942) ......................................................................................... 6, 11

*Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.,*
    962 F.2d 698 (7th Cir. 1992) ................................................................................. 7

*Colorado River Water Conservation District v. United States,*
    424 U.S. 800 (1976) ..................................................... 2, 6, 7, 9, 10, 11, 12, 14, 15

*Day v. Union Mines, Inc.,*
    862 F.2d 652 (7th Cir. 1988) ................................................................................. 7

*Diamond Offshore Co. v. A & B Builders, Inc.,*
    302 F.3d 531 (5th Cir. 2002) ................................................................................. 6

*Evanston Ins. Co. v. Jimco, Inc.,*
    844 F.2d 1185 (5th Cir. 1988) ................................................................... 10, 11, 13

*Garber v. Sir Speedy, Inc.,*
    1996 WL 734947 (N.D. Tex. 1996) ...................................................................... 12

*Garber v. Sir Speedy, Inc.,*
    930 F. Supp. 267 (N.D. Tex. 1995) ...................................................................... 14

*Goerner v. Barnes,*
    730 F. Supp. 767 (S.D. Tex. 1990) ................................................................. 10, 11

*Granite State Ins. Co. v. Tandy Corp.,*
    762 F. Supp. 156 (S.D. Tex. 1991) ...................................................................... 10

*Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran),*
    710 F.2d 199 (5th Cir. 1983) ............................................................................... 15

*Landis v. North Am. Co.,*
    299 U.S. 248 (1936) ...................................................................................... 7, 15

*Leblanc v. Epstein,*
    2003 WL 24196892 (S.D. Tex. Aug. 7, 2003) ...................................................... 10

*Lumen Constr., Inc. v. Brant Constr. Co., Inc.*,
    780 F.2d 691 (7th Cir. 1984) ...................................................................................7

*McClellan v. Carland*,
    217 U.S. 268 (1910) .............................................................................................6

*Melo v. Gardere Wynne Sewell*,
    2005 WL 991600 (N.D. Tex. April 21, 2005) (Kaplan, Mag.) ....................7, 9, 10, 12, 14, 15

*Microsource, Inc. v. Superior Signs, Inc.*,
    1998 WL 119537 (N.D. Tex. 1999) .....................................................................13

*MidTexas Int'l Ctr., Inc. v. Myronowicz*,
    2006 WL 2285581 (N.D. Tex. 2006) (Buchmeyer, J.)...........................................7, 13

*Moses H. Cone Mem'l Hosp. v. Mecuery Const. Corp.*,
    460 U.S. 1 (1983) .........................................................................6, 9, 10, 11, 13

*Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*,
    182 F. Supp. 2d 599 (S.D. Tex. 2002).......................................................10, 11, 13

*Murphy v. Uncle Ben's, Inc.*,
    168 F.3d 734 (5th Cir. 1999) ...............................................................................6

*New Orleans Public Serv., Inc. v. Council of City of New Orleans*,
    911 F.2d 993 (5th Cir 1990) ...........................................................................10, 14

*PPG Indus., Inc. v. Continental Oil Co.*,
    478 F.2d 674 (5th Cir. 1973) ...........................................................................6, 15

*Primerica Life Ins. Co. v. Twyman*,
    2002 WL 83750 (N.D. Tex. Jan. 14, 2002) (Kaplan, Mag.) ...................................15

*Republicbank Dallas, Nat'l Assoc. v. McIntosh*,
    828 F.2d 1120 (5th Cir. 1987) .............................................................................7

*Romine v. Compuserve Corp.*,
    160 F.3d 337 (6th Cir. 1998) ........................................................................7, 9, 11

*Tyrer v. City of S. Beloit, Ill.*,
    456 F.3d 744 (7th Cir. 2006) ...............................................................................7

*Walker Centrifuge Servs., L.L.C. v. D & D Power*,
    L.L.C., 550 F. Supp. 2d 620 (N.D. Tex. 2008)...............................7, 11, 12, 13, 14

*Will v. Calvert Fire Ins. Co.*,
    437 U.S. 655 (1978) .............................................................................................6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HANNA MELIA LEVITZ, On Behalf of
Herself and All Others Similarly
Situated,

             Plaintiff,

    vs.

TRAVELOCITY.COM LP;
TRAVELOCITY.COM, INC.; and
JOHN DOES 1-20,

             Defendants.

Civil Action No.  4:09-CV-563-Y

## DEFENDANTS' MOTION TO DISMISS OR
## STAY AND BRIEF IN SUPPORT

      Defendants Travelocity.com LP, and Travelocity.com, Inc. (jointly, "Travelocity" or "Defendants") file this Motion to Dismiss or Stay, and Brief in Support, requesting that the Court dismiss or stay this action in deference to an earlier-filed, parallel state court litigation pending against Travelocity in the 342nd Judicial District Court of Tarrant County, Texas.

### I.
### SUMMARY OF THE MOTION

      On February 27, 2009, Hanna Melia Levitz ("Plaintiff"), on behalf of herself and all others similarly situated, sued Travelocity in the United States District Court for the District of Hawaii alleging claims of consumer deception, breach of contract, conversion, and unjust enrichment.  Plaintiff's lawsuit, however, is the third of its kind and comes more than four years after the filing of a virtually identical class action in a Tarrant County, Texas district court.

      More specifically, on January 13, 2005, three individuals filed a putative class action in the 342nd Judicial District Court of Tarrant County Texas.  Three years later, on March 10,

2008, another putative class action was filed in Tarrant County, Texas, again landing in the 342nd Judicial District Court.  The former lawsuit was ultimately dismissed with prejudice based on a lack of standing by the putative class representatives, but the latter lawsuit remains pending today and, based on the proposed class definition in that case, would necessarily subsume the claims asserted by Plaintiff Levitz in this case.  Indeed, Plaintiff's putative class action here arises out of the same facts, and asserts claims that are virtually identical to those presented in the earlier filed state lawsuits.

This motion is brought because the pending state court litigation undoubtedly provides an adequate vehicle for adjudicating these claims; is exceedingly convenient for the witnesses and parties; and has substantially progressed through discovery.  This case, on the other hand, is in its earliest stages; would result in a needless waste of time and resources (judicial and otherwise); and would pose a very real threat of inconsistent adjudications.  For these reasons, and pursuant to the abstention doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), Travelocity respectfully requests that this Court dismiss or stay this case in deference to the parallel state court litigation.

## II.
## RELEVANT BACKGROUND

A.      **Factual Background.**[1]

Travelocity is an online travel company that provides information and reservation services for air travel, hotel accommodations and rental car bookings.[2]  Travelocity provides these services through its website, www.travelocity.com.[3]  For hotel transactions, Travelocity

---

[1] The  following factual allegations are taken from the state court pleadings, the federal court pleading, or both, as cited herein. Although Travelocity does not agree with plaintiffs' characterizations of Travelocity's business model or activities, those areas of disagreement are immaterial to the present motion and will not be addressed herein.

[2] Leffert Pet. ¶ 9 (App. 18); Fed. Compl. ¶¶ 2-3 [Doc. # 1].

[3] Leffert Pet. ¶ 9 (App. 18); Fed. Compl. ¶¶ 2-3.

displays various hotel properties on its website, together with the nightly rates charged for booking a room at these hotels.[4]   After a customer selects a particular room at the nightly rate, but before the customer is asked to enter any payment information or to consummate the booking, a new web page informs the customer of a separate "Taxes and Fees" charge which will be added to the nightly rate.[5]   Plaintiffs in each of the state and federal lawsuits allege (wrongly) that Travelocity charges taxes based upon the "retail" rates that consumers pay for their rooms, but that Travelocity only remits taxes based upon the "wholesale" rates paid to the to the hotels.[6]

**B.     Procedural Background.**

     **1.     This Federal Action.**

On February 27, 2009, Plaintiff filed this putative class action in the United States District Court of Hawaii on behalf of herself and "all persons and entities throughout the United States who were assessed 'Taxes and Service Fees' by Travelocity when paying for lodging in the state of Hawaii for the time period of January 1, 1999-present."[7]   Plaintiff's claims all relate to purported representations and/or omissions by Travelocity regarding charges for hotel reservations booked through Travelocity.com.[8]   Plaintiff alleges claims of deceptive trade practice violations, breach of contract, conversion, and unjust enrichment.[9]

Based on a mandatory forum selection clause, Defendants filed a Motion to Dismiss for Improper Venue or in the Alternative, Motion to Transfer Venue on May 22, 2009.   The District

---

[4] Leffert Pet. ¶ 10 (App. 18).

[5] *Id.*; Fed. Compl. ¶¶ 13-14 &16.

[6] Fed. Compl. ¶ 7. Leffert Pet. ¶¶ 18-19  (App. 20-21); Okland Pet.  ¶¶ 18-19 (App. 8-9).

[7] Fed. Compl. ¶ 27

[8] *Id.* ¶ 7

[9] *Id.* ¶¶ 43-68.

Court for the District of Hawaii granted the motion on August 28, 2009, and transferred the case.[10] The case was docketed in this Court on September 30, 2009.

## 2. The State Court Proceedings.

### a. The Okland Lawsuit.

On January 13, 2005, three putative class representatives sued Travelocity in the 342nd Judicial District Court, Tarrant County, Texas alleging violations of the Texas Deceptive Trade Practices Act, breach of contract, unjust enrichment, and money had and received ("the Okland Lawsuit").[11] Like Plaintiff's claims in this action, the claims asserted by the plaintiffs in the Okland Lawsuit all relate to the alleged overpayment of taxes or fees in connection with hotel reservations booked through Travelocity.com.[12]

On February 14, 2008, Travelocity filed a Plea to the Jurisdiction and Motion to Dismiss for Lack of Subject Matter Jurisdiction after discovery revealed that the *Okland* plaintiffs had not themselves paid for the hotel transactions made the basis of their claims and, thus, lacked standing to bring suit.[13] The trial court granted Travelocity's Plea to the Jurisdiction and Motion to Dismiss. (Prior to the trial court's ruling on Travelocity's motion, however, two other individuals, Dinah Leffert and Deepak Malhotra, filed a Motion to Intervene into the Okland Lawsuit, which the trial court denied.) The plaintiffs in the Okland Lawsuit appealed, and the Court of Appeals for the Second District of Texas affirmed the trial court's ruling on June 18,

---

[10] Doc. # 32.

[11] Okland Pet. ¶¶ 30-43 (App. 11-14).

[12] *Id.*

[13] The originally named class plaintiffs were Carolee Okland, Bruce Deaton and Steven Polapink. The Okland Lawsuit plaintiffs subsequently nonsuited all claims on behalf of Steven Polapink and Bruce Deaton, leaving Carolee Okland as the lone class plaintiff. On April 9, 2007, another putative class representative, Jeremy Rogers, was added to the Okland Lawsuit.

2009.[14]   The *Okland* plaintiffs recently filed a Petition for Review in the Texas Supreme Court, which has not yet been ruled upon.

           b.    *The Leffert Lawsuit.*

On March 10, 2008, after they were denied intervention into the Okland Lawsuit, Leffert and Malhotra filed their own putative class action ("the Leffert Lawsuit"), which remains live and pending in the same 342nd Judicial District Court in Tarrant County, Texas.[15]   Represented by the same attorneys as the plaintiffs in the Okland lawsuit, the Leffert Lawsuit alleges the same facts and claims against Travelocity as those alleged in the Okland Lawsuit.[16]   Specifically, the *Leffert* plaintiffs seek to certify a class consisting of "[a]ll persons and entities throughout the United States who were assessed a 'Taxes and Fees' charge when paying for a hotel, motel or resort room through online provider Travelocity."[17]   Except for the upcoming depositions of the plaintiffs, discovery in the Leffert Lawsuit is complete or substantially complete and the case has progressed to the point of addressing class certification issues and briefing.

Now, having endured extensive discovery and pretrial briefing in the state court actions for the last four years, Travelocity is faced with the burden of defending a nearly identical putative class action in this Court.   Seeking to avoid the needless duplication of time, effort, and resources required to simultaneously litigate parallel cases in three separate forums in the State of Texas, Travelocity files this motion seeking the dismissal or stay of this action pending final disposition of the state court proceedings.

---

[14] App. Ex. A-4 (App. 30-50).

[15] The Leffert Lawsuit was originally filed in the 153rd District Court; however, it was subsequently transferred to the 342nd District Court, which is the same Court in the Okland Lawsuit was filed.   (App. 29).

[16] Leffert Pet. ¶¶ 9-19 & 29-43 (App. 18-21 and 23-26).

[17] *Id.* ¶ 20 (App. 21 ).

**III.**
**ARGUMENT AND AUTHORITIES**

**A.      The Court Should Dismiss or Stay this Case Under the *Colorado River* Doctrine.**

Travelocity is mindful that the mere existence of a state court action is not a bar to deciding the same dispute in federal court. *See McClellan v. Carland*, 217 U.S. 268, 282 (1910). It is equally true, however, that a district court is "under no compulsion to exercise that jurisdiction" where the controversy may be settled more expeditiously in state court. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-63 (1978); *see also Armco, Inc. v. Moore Exploration, Inc.*, 603 F. Supp. 1, 2 (S.D.Tex. 1984) ("while the pendency of [defendant's] state court action does not oust this Court of jurisdiction, we are not compelled to exercise that jurisdiction where the controversy may be settled more expeditiously in the state court."). Under the *Colorado River* doctrine, federal courts have discretion to dismiss or stay a case in favor of a parallel state court case based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817; *see also Moses H. Cone Mem'l Hosp. v. Mecuery Const. Corp.*, 460 U.S. 1, 15 (1983); *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973) ("duplicate litigation in federal and state courts abrades to some extent the spirit of federal-state comity . . . [and] concurrent litigation of the same controversy is perceived as interference").

*Colorado River* abstention is proper when two conditions are met. First, the state and federal court proceedings must be "parallel." *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). Second, "exceptional circumstances" for abstention must exist. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). Both conditions are met here.

**B.      The Federal and State Actions Are "Parallel."**

Abstention under *Colorado River* requires that the state and federal suits be generally "parallel"; exact parallelism is not required, however.  *Republicbank Dallas, Nat'l Assoc. v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987) (precise identity of parties and issues not required); *see also Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998); *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1984); *Walker Centrifuge Servs., L.L.C. v. D & D Power*, L.L.C., 550 F. Supp. 2d 620, 625 (N.D. Tex. 2008); *Melo v. Gardere Wynne Sewell*, 2005 WL 991600 *2 (N.D. Tex. April 21, 2005) (Kaplan, Mag.).   "Parallelism" means "substantially the same parties" litigating "substantially the same issues." *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006);  *Allen v. Bd. of Educ., Unified Sch. Dist.*, *436*, 68 F.3d 401, 402 (10th Cir. 1995); *Day v. Union Mines, Inc.*, 862 F.2d 652, 655 (7th Cir. 1988); *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992); *Walker Centrifuge,* 550 F. Supp. 2d at 625.  Thus, two actions may involve different parties and different causes of action and still be parallel so long as there is a substantial similarity between the two actions. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Caminiti*, 962 F.2d at 700 (7th Cir. 1992); *accord MidTexas Int'l Ctr., Inc. v. Myronowicz*, 2006 WL 2285581 *3 (N.D. Tex. 2006) (Buchmeyer, J.) (so long as there is a "substantial likelihood" that the state litigation will dispose of all claims presented in the federal case, parallelism exists).   Parallelism is unquestionably present in this case.

First, the federal and state cases involve substantially the same issues arising from the same set of facts related to purported representations and/or omissions by Travelocity regarding charges for hotel reservations booked through Travelocity.com.[18]  In the state lawsuits, plaintiffs allege that Travelocity misled customers as to the extent and amount of the "Taxes and Fees"

---

[18] Fed. Compl. ¶¶ 7-21; Leffert Pet. ¶¶9-19 (App. 18-21); Okland  Pet. ¶¶ 9-19 (App. 6-9).

charge customers were required to pay.[19]   They assert that the tax portion of the charge was significantly less than customers were lead to believe because Travelocity allegedly paid tax on the room rate paid to its hotel suppliers not on the room rate paid by customers, and then pocketed the difference.[20]   Here, Plaintiff asserts the exact same thing: that Travelocity charges taxes "in amounts at or above the retail rate. . . [and] do[es] this despite the fact that it only remits taxes based on the net or wholesale room rates."[21]

Additionally, the plaintiffs in the state litigation and Plaintiff in this case allege claims of deceptive business practices, breach of contract, and unjust enrichment.[22]   Furthermore, the proposed classes are coextensive.[23]   In the Leffert Lawsuit, the plaintiffs seek to certify a **nationwide** class (which obviously would include hotel stays in Hawaii) consisting of:

> All persons and entities throughout the United States who were assessed a "Taxes and Fees" charge when paying for a hotel, motel or resort room through online provider Travelocity.[24]

Here, plaintiff seeks to certify a class consisting of:

> All persons and entities throughout the United States who were assessed "Taxes and Service Fees" by Travelocity when paying for lodging in the state of Hawaii for the time period of January 1, 1999-present.[25]

The only distinction is the limitation to Hawaiian lodging in this case, which is an immaterial distinction given that such bookings would be subsumed within the nationwide scope of the class sought to be certified in the state court action.

---

[19] Leffert Pet. ¶ 14 (App. 19); Okland  Pet. ¶ 14 (App. 7).

[20] Leffert Pet. ¶ 15 (App. 19); Okland  Pet. ¶ 15 (App. 7).

[21] Fed. Compl. ¶ 8.

[22] *Id.* ¶¶ 43-68; Leffert Pet. ¶¶ 30-43 (App. 23-26); Okland ¶¶ 30-43 (App. 11-14).

[23] Fed. Compl. ¶¶ 27-42; Leffert Pet. ¶¶ 20-27 (App. 21-23); Okland ¶¶ 20-27 (App. 9-11).

[24] Leffert Pet. ¶ 20 (App. 21).

[25] Fed. Compl.  ¶ 27.

Both suits also involve substantially the same parties. Travelocity is a named defendant in both cases.[26] Only the named class representatives are different, which does not affect whether the suits are parallel. *See Melo*, 2005 WL 991600 at *2 (stating, "the nonidentity of the named class representatives should in no way undermine a court's determination that the suits in question are otherwise parallel"); *Romine*, 160 F.3d at 340 (noting that although the named plaintiffs in putative classes were different, "where. . . congruence of both interests and allegations exist in duplicative class actions, the nonidentity of the named class representatives should in no way undermine a court's determination that the suits in question are otherwise parallel").

Because the putative class actions in the state court and in this Court are predicated on the same allegations and arise out of the same material facts, the cases are unquestionably parallel.

## C.   "Exceptional Circumstances" Support Abstention.

Having resolved the threshold issue that the cases are parallel, the Court must next decide whether exceptional circumstances favor abstention. The United States Supreme Court has identified several factors relevant to the determination: (1) whether either court has assumed jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law governs the merits; and (6) the adequacy of the state proceedings in protecting the rights of the federal court plaintiff. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16; *Colorado River*, 424 U.S. at 818. Notably, "[n]o one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818. Additionally, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*

---

[26] Fed. Compl. ¶¶ 2-3; Leffert Pet. ¶¶ 4-5 (App. 17); Okland ¶¶ 4-5 (App. 5).

*Mem'l Hosp.*, 460 U.S. at 16. Balancing these factors, there is little doubt this case should be dismissed or stayed pending final disposition of the state court proceedings.

**1.       Neither Court Has Assumed Jurisdiction Over Any Res or Property.**

The first factor is whether any court, state or federal, has assumed jurisdiction over any res or property. *Colorado River*, 424 U.S. at 818; *Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F. Supp. 2d 599, 603 (S.D. Tex. 2002). This has not occurred in either forum and, thus, does not support abstention here.

**2.       The Relative Inconvenience of the Forums.**

The second factor considers the relative inconvenience of the federal forum. *Colorado River*, 424 U.S. at 818. Convenience usually refers to ease of access to sources of proof, availability of compulsory process, and enforceability of judgments. *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 993, 1005 n. 8 (5th Cir 1990); *Colorado River*, 424 U.S. at 818; *Goerner v. Barnes*, 730 F. Supp. 767, 769 (S.D. Tex. 1990) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)). Given the recent transfer of this case from Hawaii, both courts are located in Tarrant County, near Travelocity's corporate headquarters in Southlake, Texas, "making the issue of convenience irrelevant." *Melo*, 2005 WL 991600 at * 3.

**3.       This Case Poses a Threat of Piecemeal and Inconsistent Adjudication.**

The third factor – whether the federal action poses a danger of piecemeal litigation or inconsistent adjudications between the state and federal actions – is plainly implicated here. *Goerner*, 730 F. Supp. at 769; *Granite State Ins. Co. v. Tandy Corp.*, 762 F. Supp. 156, 160 (S.D. Tex. 1991); *Leblanc v. Epstein*, 2003 WL 24196892 *8 (S.D. Tex. Aug. 7, 2003). The Supreme Court in *Moses H. Cone* acknowledged that the danger of piecemeal litigation was paramount in its *Colorado River* decision. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19. "Piecemeal litigation

occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998). This factor weighs significantly in favor of abstention given the obvious risks of piecemeal litigation.

Here, the outcome of both the federal and state actions turn on the resolution of identical issues: Whether Travelocity misrepresented the nature and extent of the "taxes and fees" charged for hotel reservations booked through Travelocity.com. Not only is the state court litigation addressing these same claims it is doing so on behalf of the same putative class involved here. Thus, "[t]he questions in controversy in the instant action can better be settled in the proceedings pending in state court." *Walker Centrifuge*, 550 F. Supp. 2d at 626. Rather than litigating portions of the same suit in different forums, the more reasoned approach would be for the Court to exercise its discretion to stay or dismiss this case in favor of the comprehensive state court proceedings. *See Walker Centrifuge*, 550 F. Supp. 2d at 626-27 ("'Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.'" (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942))); *Goerner*, 730 F. Supp. at 769 ("wise judicial administration" dictates that all claims for relief be joined in the state court action).

### 4. The Earlier-filed State Court Litigation Has Progressed Further Than This Action.

The fourth consideration is the order in which jurisdiction was obtained. *Colorado River*, 424 U.S. at 818. This involves more than a bare determination of which complaint was filed first; instead, it examines how far the parallel actions have progressed. *Evanston Ins. Co.*, 844 F.2d at 1190 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21); *Mourik Int'l*, 182 F. Supp. 2d at 604. This factor too counsels heavily in favor of abstention.

The state court litigation was filed 12 months (and over four years in terms of the Okland suit) before this action and has substantially progressed in that time. In particular, the trial court has entered orders addressing the confidentiality of trade secrets and confidential business information of the parties.[27]  In addition, the parties have engaged in extensive discovery including the production of thousand of pages of documents, serving and responding to more than a dozen sets of written discovery, and deposing numerous Travelocity witnesses.[28] Currently, the parties are scheduling the few remaining depositions (which are the named Plaintiffs) in order to close discovery and address class certification.[29]

The status of this case pales in comparison. Nothing has occurred since the filing of the complaint on February 27, 2009, besides the case being transferred from Hawaii to this Court on August 28, 2009. The Court only recently issued a scheduling order which reflects the infancy of the proceeding and distant dates for completing discovery. In fact, no discovery has been conducted to date, although initial disclosures are due to be exchanged on November 9, 2009.

Accordingly, the progress of the state court litigation weighs heavily in favor of dismissing or staying this action. *Colorado River*, 424 U.S. at 820-821 (finding the absence of any progress in the federal court, other than the filing of the complaint, significant in affirming abstention); *Allen*, 835 F.2d at 104 (determining that state proceeding was substantially further along because of discovery); *Walker Centrifuge*, 550 F. Supp. 2d at 627-28 (same); *Melo*, 2005 WL 991600 at *3 (granting abstention because the federal suit had not moved beyond the initial pleading stage); *Garber v. Sir Speedy, Inc.,* 1996 WL 734947 *3 (N.D. Tex. 1996) (abstaining because the state court case was filed before the federal action and the federal action had not progressed past the initial pleading stage).

---

[27] Stagner Decl. ¶ 6 (App. 2-3).
[28] *Id.*
[29] *Id.*

### 5.      This Case Does Not Involve a Federal Question.

The fifth factor considers whether the federal suit involves a federal question. *Cone*, 460 U.S. at 16.  Inarguably, there is no federal question presented by Plaintiff's claims in this case. Accordingly, the lack of a federal question weighs in favor of abstention or is, at worst, a neutral factor in the Court's analysis. *Microsource, Inc. v. Superior Signs, Inc.*, 1998 WL 119537 *3 (N.D. Tex. 1999) (Fish J).  (weighing the absence of a federal question in favor of abstention); *Armco, Inc.*, 603 F. Supp. at 2 (holding that the absence of a federal question and the dominance of state law concerns weighs in favor of abstention); *Mourik Int'l*, 182 F.Supp.2d at 604-05 (when the dispute turns wholly on a question of state law, the exercise of federal jurisdiction will not be supported); *Myronowicz*, 2006 WL 2285581 *7 (holding the absence of a federal question was a neutral factor).

### 6.      The state court action adequately protects Plaintiff.

The sixth consideration is whether the state court proceeding adequately protects the rights of the party invoking federal jurisdiction. *Evanston Ins. Co.*, 844 F.2d at 1193.  If the state court case provides adequate protection, this factor remains neutral. *See id.; Mourik Int'l.*, 182 F. Supp. 2d at 605.

There is no doubt the state court litigation will adequately protect Plaintiff's rights given the nature of her claims (all based on state law) and the proximity of the evidence, parties and witnesses.  Also, as stated above, the putative class sought to be certified in the state court would clearly encompass the Plaintiff's putative class here.  As a result, the state court is fully capable of resolving the entire dispute between the parties and this factor remains neutral. *See Walker Centrifuge*, 550 F. Supp. 2d at 628; *Microsource, Inc.*, 1998 WL 119537 at *3; *Mourik Int'l*, 182 F. Supp. 2d at 605.

**D.** **Judicial Precedent Favors a Dismissal or Stay.**

The relief requested in this motion is not uncommon.  As just one example, the Fifth

Circuit, in *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, reviewed a district

court order staying an action under *Colorado River*.  There, the state and federal forums were

equally convenient, there was no jurisdiction over any res, and the order in which jurisdiction

was obtained was confusing and largely academic. *New Orleans Public Serv., Inc.*, 911 F.2d

1004-05.  Nevertheless, the Fifth Circuit held the district court did not abuse its discretion in

granting a stay because: (1) the state court action had progressed further than the federal action;

(2) the desire to avoid piecemeal litigation counseled in favor of a stay; and (3) the state court

could adequately adjudicate the pending claims. *Id.*

Likewise, the District Court for the Northern District of Texas has granted motions to

dismiss or stay based on similar or less favorable facts than those present here.  For example, in

*Garber v. Sir Speedy, Inc.*, 930 F. Supp. 267, 270-72 (N.D. Tex. 1995) the court granted a stay

even though there was no res or property over which a court could gain control, the relative

inconvenience of the forum was not at issue, and the danger of piece meal litigation was slight

because the state court action had been stayed. *Garber*, 930 F. Supp. at 270-72.  Likewise, in

*Melo v. Gardere Wynne Sewell*, the court held that the substantial progress of the state action,

coupled with the inordinate waste of resources that would result from two separate cases, favored

staying the federal action. *Melo*, 2005 WL 991600 at *3.  And, recently, the court in *Walker

Centrifuge Services, L.L.C. v. D & D Power, L.L.C.* granted a stay because: (1) a decision of the

federal action would not resolve the state proceeding; (2) more progress was made in discovery

in the state action; and (3) the vexatious and reactive nature of the federal action favored

abstention. *Walker Centrifuge*, 550 F.Supp.2d at 626-29.

This case, too, is appropriate for dismissal or a stay given the weight of the factors supporting abstention.

**E.     The Court Also Has Inherent Powers to Dismiss or Stay this Case.**

Separate and apart from the *Colorado River* doctrine, a federal court has inherent power to stay or dismiss proceedings "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983) (quoting *Landis v. North Am. Co.*, 299 U.S. 248 (1936)); *Melo*, 2005 WL 991600 at *3. Thus, even when other standards for abstention are not met, the Fifth Circuit has recognized that a district court has inherent power to stay or dismiss a federal action. *Itel Corp.*, 710 F.2d at 203; *PPG Indust.*, 478 F.2d at 679-682; *see also Primerica Life Ins. Co. v. Twyman*, 2002 WL 83750 *3 (N.D. Tex. Jan. 14, 2002) (Kaplan, Mag.); *Melo*, 2005 WL 991600 at *3.

The decision in *Primerica* is instructive on this issue. There, the magistrate concluded correctly that a federal action could be stayed even if the stay was not otherwise warranted by *Colorado River* abstention. *Primerica*, 2002 WL 83750 at *3. The two most important factors were (1) whether the state court "has the power to render an effective judgment on issues that are necessary to the disposition of the stayed litigation," and (2) "whether the federal action serves some purpose beyond mere duplication of effort." *Id.* (citing *Itel Corp.*, 710 F.2d at 203). Applying these factors, the magistrate concluded a stay was appropriate because "maintaining virtually identical lawsuits in two different forums would waste the time and resources of the courts, attorneys, and litigants."[30] *Id.*

---

[30] The magistrate indicated it was inclined to stay the case pursuant to its inherent powers and requested further briefing from the parties. *See Primerica*, 2002 WL 83750 at *1.

The same is true here.  The state court has authority to render an effective judgment on all Plaintiff's claims.  Furthermore, this federal case will result in duplication of effort, and most certainly will waste the time and resources of all involved.  The Court therefore has the inherent power to stay or dismiss this case.

## IV.
## CONCLUSION AND PRAYER

This case should be dismissed or stayed pending final disposition of the state court proceedings.  This case and the state court proceedings are "parallel."  Moreover, "exceptional circumstances" weigh in favor of abstention, including that the putative class sought in the state proceedings — filed months (or, in the case of the Okland Lawsuit years) before this case — provides an adequate vehicle for adjudicating Plaintiff's claims.  Simply stated, there is no good reason for continuing parallel cases.

Therefore, Defendants respectfully request that this Court dismiss or stay this case pending final resolution of the state court proceedings.  Defendants further request all other relief to which they are justly entitled, whether at law or in equity

Respectfully submitted,


/s/ Marcus  G. Mungioli
Brian S. Stagner
State Bar No. 24002992
Marcus G. Mungioli
State Bar No.  24032765
KELLY HART & HALLMAN, P.C.
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  817-332-2500
Telecopy:  817-878-9280

ATTORNEYS FOR DEFENDANTS
TRAVELOCITY.COM L.P. and
TRAVELOCITY.COM, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that I conducted conferences with Jennifer Kurle (counsel for Plaintiff) on October 20, 2009 and October 29, 2009, regarding the filing of the foregoing motion.  Also, on October 30, 2009, I conferred with Brad Drummond (counsel for Plaintiff) regarding the foregoing motion, and Mr. Drummond stated that Plaintiff is opposed to the relief requested in this motion at this time.

/s/ Marcus  G. Mungioli

Marcus G. Mungioli

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2009, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the following lead attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

William Q. Bird
Jennifer A. Kurle
Bird Law Group, P.C.
2170 Defoor Hills Road
Atlanta, GA   30318

John S. Jose
Jose, Henry, Brantley
    MacLean & Alvarado, LLP
675 N. Henderson Street
Fort Worth, TX 76107

/s/ Marcus  G. Mungioli