IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HANNA MELIA LEVITZ, On Behalf of Herself and All Others Similarly Situated | § § § | |
| V. | § § | ACTION NO. 4:09-CV-563-Y |
| TRAVELOCITY.COM LP, TRAVELOCITY.COM, INC., and JOHN DOES 1-20 | § § § | |

<u>ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE</u>
(with special instruction to the clerk)

Pending before the Court is Defendants' Motion to Dismiss or Stay (doc. # 56), filed November 12, 2009. After considering the motion, the response, and the reply, the Court GRANTS the motion to stay.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendants Travelocity.com, LP, and Travelocity.com, Inc. (collectively, "Travelocity"), operate as an online travel agency mainly selling hotel reservations for rooms it purchases at a wholesale rate. Before a customer purchases a particular room, Travelocity notifies the customer that a charge for the applicable taxes and fees will be added to the price of the room. Because of a belief that Travelocity was charging its customers taxes based on the retail rates but only remitting taxes based on the wholesale rate, several lawsuits were filed.

On January 13, 2005, three individuals filed a putative class action in a Texas state court raising claims arising from Travelocity's alleged overcharging of taxes in connection with hotel reservations ("the Okland suit"). For the Texas rule relating to class actions, see Texas Rule of Civil Procedure 42. The plaintiffs raised claims for violations of the Texas Deceptive Trade Practices

Act, breach of contract, unjust enrichment, and money had and received. (Defs.' Mot. App. 11-13.) Approximately three years later, the trial court granted Travelocity's plea to the jurisdiction and dismissed the case because the remaining named plaintiff lacked standing to sue. The court of appeals affirmed. *See Okland v. Travelocity.com, Inc.*, No. 02-08-260-CV, 2009 WL 1740076, at *4-6 (Tex. App.—Fort Worth June 18, 2009, pet. filed) (mem. op., not designated for publication).

On March 10, 2008, two individuals who were denied intervention in the Okland suit filed another putative class action in a Texas state court against Travelocity based on Travelocity's alleged overcharges for taxes on hotel reservations ("the Leffert suit"). As in the Okland suit, the Leffert plaintiffs raise claims for violations of the Texas Deceptive Trade Practices Act, breach of contract, unjust enrichment, and money had and received. (Defs.' Mot. App. 23-26.) The Leffert plaintiffs seek to certify a class consisting of "[a]ll persons and entities throughout the United States who were assessed a 'Taxes and Fees' charge when paying for a hotel, motel[,] or resort room through online provider Travelocity." (Defs.' Mot. App. 21.) Although a class has not been yet certified in the Leffert suit, the parties agree that discovery is substantially complete. (Defs.' Mot. 5; Plf.'s Resp. 6.)

On February 27, 2009, plaintiff Hanna Melia Levitz filed a class-action complaint in the United States District Court for the District of Hawaii against Travelocity asserting that Travelocity wrongfully charged her hotel taxes based on the retail rate and not on the wholesale rate. Levitz raises claims for violations of the Hawaii Deceptive Trade Practices Act, breach of contract, conversion, and unjust enrichment. (Compl. 10-13.) Levitz seeks to certify a class consisting of "[a]ll persons and entities throughout the United States who were assessed 'Taxes and Fees' by [Travelocity] when paying for lodging in the State of Hawaii for the time period of January 1, 1999-

2

present." (Compl. 6.) Based on a contractual forum-selection clause, the Hawaii District Court granted Travelocity's motion to transfer and transferred the case to this Court on August 28, 2009.[1]

Travelocity now requests that this Court either dismiss or stay this case based upon the doctrine of abstention because the state and federal proceedings are parallel and because exceptional circumstances weigh in favor of abstention. See the United States Supreme Court's opinion in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) for the rationale behind the abstention doctrine. As a preliminary matter, this Court notes that it cannot dismiss this suit because an abstention dismissal generally is permissible only when the relief sought is equitable or otherwise discretionary. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721, 727-28 (1996). Thus, Levitz's claims requesting monetary damages cannot be dismissed based on abstention principles. This Court, accordingly, will consider only whether a stay is warranted in this case in favor of the Leffert suit.[2]

## II.  THE ABSTENTION DOCTRINE

### A. *COLORADO RIVER*

As stated above, this case raises the *Colorado River* doctrine. Under *Colorado River*, this Court may stay a case in favor of a parallel state-court proceeding if there are exceptional circumstances. Suits are parallel if they involve substantially the same parties and issues. *See RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *accord Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). But even if two

---

[1] The case was not formally transferred to this Court until September 25, 2009.

[2] Levitz admits that if this Court abstains from exercising jurisdiction, a stay would be "more appropriate." (Plf.'s Resp. 19-21.)

3

cases are parallel, exceptional circumstances must be present to justify abstention by a federal court. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-26(1983). In determining the presence of exceptional circumstances, this Court should consider six factors: (1) the existence of a matter, or res, over which one court has established jurisdiction; (2) the relative convenience of the forums; (3) the avoidance of piecemeal litigation; (4) the priority of the cases, based more on the relative progress made in each case rather than on which one was filed first; (5) whether state or federal law controls, especially favoring the exercise of jurisdiction when federal law controls; and (6) the adequacy of the state proceeding to protect the rights of the party invoking federal jurisdiction. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). These factors are based on "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999). No one factor is determinative. *See Colo. River*, 424 U.S. at 818.

B. APPLICATION

1. Parallel Actions

Levitz asserts that this action and the Leffert suit are not parallel because the plaintiffs are different and because the Hawaiian tax laws are different from tax laws in other states. Levitz states that the Leffert suit seeks to certify a class that is overly broad. (Plf.'s Resp. 11-12.) But as shown above, the Leffert plaintiffs and Levitz seek certification of an identical class of "all persons and entities throughout the United States" who were overcharged by Travelocity. Although Levitz seeks to limit her class to those that bought hotel rooms in Hawaii through Travelocity, this proposed class is subsumed into the class proposed in the Leffert suit. Whether Travelocity overcharged its

4

customers on room taxes is the controlling issue in both suits. Additionally and as pointed out by Travelocity, the fact that Hawaii exempts online travel companies from taxation does not make it unique among the states. (Defs.' Reply 4.) This Court concludes that this action and the Leffert suit are parallel. *See Walker Centrifuge Servs., L.L.C. v. D & D Power, L.L.C.*, 550 F. Supp. 620, 625 (N.D. Tex. 2008).

2. Exceptional Circumstances

This Court must now determine if exceptional circumstances exist to justify a stay of this action. As Travelocity concedes, there is no res over which a court has exercised jurisdiction; thus, this factor does not weigh in favor of abstention. (Defs.' Mot. 10.) Convenience of a forum usually refers to the ease of access to sources of proof, availability of compulsory process, and enforceability of judgments. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 992, 1005 n.8 (5th Cir. 1990). Because both this Court and the state court are near Travelocity's corporate headquarters, this factor also does not weigh in favor of abstention.

The remaining factors, however, do weigh in favor of abstention. This case poses a threat of piecemeal and inconsistent adjudication. Travelocity convincingly refutes Levitz's arguments that merely duplicative proceedings would result and that a res-judicata plea would solve any possible inconsistent rulings. There is no need to repeat them here. (Defs.' Reply 5-6.) The Leffert suit was filed before this case, and discovery is substantially complete. (Defs.' Mot.12.) Discovery in this case will not be complete until August 31, 2010. Both Travelocity and Levitz assert that federal law is not implicated in this case.[3] Finally, the Leffert suit adequately protects Levitz based

---

[3] Levitz asserts that the absence of a federal question weighs in favor of this Court's exercise of jurisdiction. However, the absence of a federal question necessarily means that this Court's grip on this case should be looser, not tighter.

5

on the broad definition of the class sought to be certified in the Leffert suit.

### III. CONCLUSION

This Court concludes that the Leffert suit and this action are parallel and that exceptional circumstances weigh in favor of staying this action pending resolution of the litigation first filed in the Leffert suit. Accordingly, this action is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the parallel action in the 342nd Judicial District Court, Tarrant County, Texas. The case may be reopened by motion of any party. The clerk shall note this closure on the docket of this case.

SIGNED February 2, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE